*Iverson v. Surber*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of April, two thousand twenty.

PRESENT:
>JOHN M. WALKER, JR.,
>JOSÉ A. CABRANES,
>ROBERT D. SACK,
>>*Circuit Judges.*

―――――――――――――――――――――――――――

ERNEST IVERSON,

>*Plaintiff-Appellant*,

>v.                                                                      18-1037

BRENDA L. SURBER, GLENN TROMBLY,

>*Defendants-Appellees*,

MAURICE W. AHEARN, T. FISHER, CHRIS A. FREDERICKS,

>*Defendants.*

―――――――――――――――――――――――――――

**FOR PLAINTIFF-APPELLANT:**          Ernest Iverson, *pro se*, Stormville, NY.

**FOR DEFENDANTS-APPELLEES:**          Barbara D. Underwood, Solicitor General,
                                                              Anisha S. Dasgupta, Deputy Solicitor General,

Amit R. Vora, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Ernest Iverson, *pro se*, sued corrections officers Brenda Surber and Glenn Trombley under 42 U.S.C. § 1983, alleging that the defendants interfered with his mail and used excessive force on him. After a trial, a jury found in favor of the defendants. Iverson moved before the District Court for judgment notwithstanding the verdict under Fed. R. Civ. P. 50(b) and for a new trial under Fed. R. Civ. P. 59(a). The District Court denied both motions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A.

In his renewed motion for judgment as a matter of law, Iverson's argued that Trombley, Surber, and Dr. David Karandy, a defense witness, either perjured themselves or lacked credibility. We review a district court's denial of a motion for judgment as a matter of law *de novo. Caruolo v. John Crane, Inc.*, 226 F.3d 46, 51 (2d Cir. 2000). Iverson's motion is not properly granted unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in its favor. *Id.* Accordingly, the motion should only be granted if: "(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it." *Id.* (internal quotations and brackets omitted). The testimony presented at trial plainly supported the jury's verdict in favor of defendants. Iverson's sole argument is that this testimony was not credible and that the witnesses committed perjury. This Court, however, "must give deference to all credibility determinations and reasonable inferences of the jury and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." *Id.* (internal quotation omitted); *see also Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005) (in reviewing Rule 50 motion, "we cannot weigh conflicting evidence, determine the credibility of witnesses, or substitute our judgment for that of the jury"). Accordingly, we find no error in the District Court denial of Iverson's Rule 50(b) motion.

B.

As part of his Rule 59 motion for a new trial, Iverson challenged the judgment based on the NYAG attorney's contact with a juror. This argument is meritless. A new trial is not required "whenever a juror has been exposed to extrinsic information or outside contacts." *Manley v. AmBase Corp.*, 337 F.3d 237, 251 (2d Cir. 2003). To determine whether a jury was prejudiced, courts apply an "objective test" that examines "(1) the nature of the information or contact at issue, and (2) its probable effect on a hypothetical average jury[.]" *Id.* at 252 (internal quotation marks omitted). If the contact was objectively harmless then remand is not required. *See id.*

No new trial is warranted here. The NYAG attorney's interaction with the juror was harmless. The attorney did not know what case the juror was assigned to and the juror did not know the attorney worked for the NYAG. The extent of the discussion was a statement that the juror was on jury duty and that the attorney was attending court on another matter. Because the conversation did not involve any discussion of this case, it is unlikely that that the conversation had any effect on the jury deliberations. *See id.* at 252–53 (concluding that court employee's conversation with juror was harmless where employee did not provide any extra-record information, attempt to influence the juror's decision, or attempt to apply coercion to jury's deliberations).

Iverson argues that the District Court erred by making this determination off the record or without a full hearing. But a district court is only required to hold a hearing on potential juror bias when "reasonable grounds for investigation exist[,]" *i.e.*, when a party presents "clear, strong, substantial and incontrovertible evidence, that a specific, nonspeculative impropriety has occurred" affecting the impartiality of the jury. *United States v. Vitale*, 459 F.3d 190, 197 (2d Cir. 2006) (internal quotation marks omitted). As discussed above, there was nothing about the contact between the NYAG attorney and the juror that suggested any prejudice or effect on the jury. Iverson does not argue that he offered evidence to the District Court showing that the juror's conduct was improper. Thus, the only information that was available was that reported by the defendants' attorney, which did not require a hearing.

C.

Iverson also argues that he should have been permitted to introduce evidence about the prior litigation experience of Surber, Trombley, and Dr. Karandy. We review evidentiary rulings for "abuse of discretion." *See Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010). "'A district court abuses its discretion when it bases its ruling on an erroneous view of the law or on a clearly erroneous

assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions.'" *United States v. Vayner*, 769 F.3d 125, 129 (2d Cir. 2014) (quoting *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013)); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008).

Under Federal Rule of Evidence 403, the trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Prejudice under this rule means "'unfair' rather than 'harmful.'" *United States v. Jimenez*, 789 F.2d 167, 171 (2d Cir. 1986). Here, the District Court excluded evidence showing that Trombley had previously been sued for excessive force, reasoning that the probative value of the uncorroborated complaints was low in relation to the prejudice those accusations would create. This was not an abuse of discretion. Although "similar act evidence" is admissible under Federal Rule of Evidence 404(b) to show motive or patterns of conduct, such evidence is subject to admission under Rule 403. Fed. R. Evid. 404(b)(2); *Berkovich v. Hicks*, 922 F.2d 1018, 1022–23 (2d Cir. 1991). The trial court may consider the relative strength of the evidence in establishing a pattern of conduct when considering if evidence is prejudicial under Rule 403. *Berkovich,* 922 F.2d at 1023. Accordingly, the District Court did not abuse its discretion by concluding that unsubstantiated allegations carried less weight that the potential prejudice they would cause to Trombley.

The District Court also did not abuse its discretion by excluding evidence of malpractice lawsuits against Dr. Karandy. Iverson argues that the lawsuits would have shown a "pattern of inconsistency" and discredited the doctor's testimony about Iverson's injuries allegedly resulting from Trombley's actions. But it is unclear what bad acts the lawsuits alleged against Dr. Karandy, and the evidence cannot merely be used to show that he had a propensity for making errors. *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Further, such evidence could also be unfairly prejudicial under Rule 403 since the alleged malpractice may not have called any portion of Dr. Karandy's testimony into question but could have inflamed the jury against him. Therefore, the District Court did not err or abuse its discretion by excluding the prior malpractice suits against Dr. Karandy.

Finally, the District Court did not prohibit Iverson from introducing evidence about Surber's litigation history, just those of Trombley's and Dr. Karandy's. His attorney could have attempted to introduce this evidence at trial, but he did not do so.

## CONCLUSION

We have reviewed all of Iverson's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5